<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

BRIAN E. SHANK and              )
REBECCA M. SHANK,            ) Civil Action
                              ) No. 09-cv-02240
                Plaintiffs    )
                              )
        vs.                     )
                              )
EAST HEMPFIELD TOWNSHIP,    )
                              )
                Defendant    )
                              )
        and                    )
                              )
RICHARD J. SZARKO, M.D.,    )
                              )
            Intervenor Defendant  )

\*    \*    \*

APPEARANCES:

        BARBARA ANISKO, ESQUIRE
           On behalf of Plaintiffs

        AARON S. MARINES, ESQUIRE
           On behalf of Defendant

        MICHAEL D. REED, ESQUIRE
           On behalf of Intervenor Defendant

\*    \*    \*

# **O P I N I O N**

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on four motions for judgment on the pleadings: (1) Plaintiffs' Motion for Judgment on the Pleadings; (2) Plaintiffs' Motion for Judgment on the Pleadings Directed Against Intervener [sic] Defendant Richard J. Szarko; (3) defendant East Hempfield Township's Motion for

Judgment on Pleadings; and (4) Defendant Richard J. Szarko's
Motion for Judgment on the Pleadings.  Upon consideration of the
pleadings and the briefs of the parties and <u>amicus</u> <u>curiae</u>, and
for the reasons articulated in this Opinion, I grant defendant's
and intervenor's motions for judgment on the pleadings, dismiss
plaintiffs' motions for judgment on the pleadings as moot, enter
judgment in favor of defendant and intervenor and against
plaintiffs, and dismiss this action with prejudice.

Defendant argues that: (1) this court lacks subject
matter jurisdiction to entertain this action; (2) the
<u>Rooker</u>[1]-<u>Feldman</u>[2] doctrine divests this court of jurisdiction; and
(3) this court should abstain from exercising its jurisdiction
pursuant to the doctrine of <u>Younger v. Harris</u>.[3]  Brief in Support
of Defendant, East Hempfield Township's, Motion for Judgment on
the Pleadings ("Defendant's Brief").

Intervenor argues that: (1) the actions of the township
and the zoning hearing board are not preempted by the Federal
Aviation Act of 1958, 49 U.S.C. §§ 40101-50105; (2) the
<u>Rooker</u>-<u>Feldman</u> doctrine divests this court of jurisdiction;
(3) this court should abstain from exercising its jurisdiction

---

[1]     <u>Rooker v. Fidelity Trust Company</u>, 263 U.S. 413, 44 S.Ct. 149,
68 L.Ed. 362 (1923).

[2]     <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462,
103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

[3]     <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669
(1971).

pursuant to the doctrine of <u>Younger v. Harris</u>; and (4) claim preclusion (<u>res judicata</u>) bars the relitigation of plaintiffs' claims. Defendant Szarko's Brief in Support of His Motion for Judgment on the Pleadings ("Intervenor's Brief").

For the reasons that follow, I find defendants' subject matter jurisdiction and <u>Rooker</u>-<u>Feldman</u> doctrine arguments to be misplaced. I also determine that it would be inappropriate for me to abstain pursuant to the doctrine of <u>Younger v. Harris</u>. However, because I find that claim preclusion bars this action, I grant defendant's and intervenor's motions for judgment on the pleadings. I dismiss plaintiffs' motions for judgment on the pleadings as moot.

**STANDARD OF REVIEW**

Judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." <u>Sikirica v. Nationwide Insurance Company</u>, 416 F.3d 214, 220 (3d Cir. 2005) (citing <u>Society Hill Civic Association v. Harris</u>, 632 F.2d 1045, 1054 (3d Cir. 1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."[4] <u>Id.</u>

---

[4]    The parties are in agreement that this is the appropriate standard of review to be applied to motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (<u>See</u> Plaintiffs' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings ("Plaintiffs' Brief") at 10;

(<u>Footnote 4 continued</u>):

The court considers a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). E.g., Doe v. McVey, 381 F.Supp.2d 443, 448 (E.D.Pa. 2005) (Pollak, J.); Katzenmoyer v. City of Reading, 158 F.Supp.2d 491, 496 (E.D.Pa. 2001) (Padova, J.).

In deciding a motion for judgment on the pleadings, the court considers the pleadings and exhibits attached thereto,[5] undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents,[6] and matters of public record.[7]

## PROCEDURAL HISTORY

In July 2008, plaintiffs Brian E. Shank and Rebecca M. Shank flew helicopters above their property located at 2778 Spooky Nook Road in East Hempfield Township, Lancaster

---

(Continuation of footnote 4):

Brief of Defendant, East Hempfield Township, in Response to Plaintiffs' Motion for Judgment on the Pleadings ("Defendant's Response") at 2; Intervenor's Brief at 4. (Defendant incorporated Intervenor's Brief. See Defendant's Response at 2.))

[5]    See Federal Rule of Civil Procedure 10(c).

[6]    CitiSteel USA, Inc. v. General Electric Company, 78 Fed.Appx. 832, 835 (3d Cir. 2003); Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[7]    Chemi SpA v. GlaxoSmithKline, 356 F.Supp.2d 495, 496-497 (E.D.Pa. 2005) (Bartle, J.); see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

County, Pennsylvania.[8]  On July 31, 2008, defendant East
Hempfield Township issued plaintiffs a zoning Enforcement Notice
alleging that plaintiffs' helicopter operations violated the
Township Zoning Ordinance.[9]

On August 29, 2008, plaintiffs appealed the Enforcement
Notice to the East Hempfield Township Zoning Hearing Board.[10]  On
March 16, 2009, the zoning hearing board denied plaintiffs'
appeal.[11]  On April 13, 2009, plaintiffs appealed the decision of
the zoning hearing board to the Court of Common Pleas of
Lancaster County, Pennsylvania.[12]

Plaintiffs commenced this federal declaratory judgment
action by filing a two-count Complaint on May 19, 2009.
Plaintiffs seek a judgment declaring that: (a) the United States
has exclusive sovereignty over its airspace, including the
airspace over plaintiffs' property, pursuant to 49 U.S.C.

---

[8]    Complaint at paragraphs 6 and 9; Defendant's Answer to Plaintiffs'
Complaint ("Defendant's Answer") at paragraphs 6 and 9; Defendant's Answer to
Plaintiffs' Complaint ("Intervenor's Answer") at paragraphs 6 and 9.

[9]    East Hempfield Township Enforcement Notice dated July 31, 2008
("Enforcement Notice"), Exhibit A to Complaint; Complaint at paragraphs 10-11;
Defendant's Answer at paragraphs 10-11; Intervenor's Answer at paragraphs 10-
11.

[10]    In re Appeal of Brian E. Shank and Rebecca M. Shank From
Enforcement Notice ("ZHB Decision"), No. 2175 (Zoning Hearing Board of East
Hempfield Township March 16, 2009) at 2, Exhibit A to Defendant's Answer;
Complaint at paragraph 36; Defendant's Answer at paragraph 36; Intervenor's
Answer at paragraph 36.

[11]    ZHB Decision; Complaint at paragraph 36; Defendant's Answer at
paragraph 36; Intervenor's Answer at paragraph 36.

[12]    Complaint at paragraph 37; Defendant's Answer at paragraph 37;
Intervenor's Answer at paragraph 37.

§ 40103; (b) the Enforcement Notice is preempted by 49 U.S.C. § 40103 and the regulations promulgated thereunder; and (c) the township is without legal authority to regulate, through zoning or otherwise, the airspace over plaintiffs' property pursuant to 53 P.S. § 10601. Complaint at paragraphs 43 and 49. Plaintiffs also seek an order enjoining the township from regulating the navigable airspace in which, or height that, helicopters may fly or hover over plaintiffs' property. Id.

On August 11, 2009, the Court of Common Pleas stayed plaintiffs' appeal until this court resolves the issue of federal preemption in this case.[13]

On September 9, 2009, I granted intervenor Richard J. Szarko, M.D. leave to intervene in this action.

On September 11, 2009, plaintiffs filed Plaintiffs' Motion for Judgment on the Pleadings and defendant filed its Motion for Judgment on Pleadings. On September 25, 2009, intervenor filed Defendant Richard J. Szarko's Motion for Judgment on the Pleadings, and on October 12, 2009, plaintiffs filed Plaintiffs' Motion for Judgment on the Pleadings Directed Against Intervener [sic] Defendant Richard J. Szarko.

_____

[13] In re Appeal of East Hempfield Township Zoning Hearing Board's March 16, 2009 Decision Denying Brian E. and Rebecca M. Shank's Appeal of East Hempfield Township Zoning Officer's July 31, 2008 Enforcement Notice (In re Appeal), No. 09-5094 (Court of Common Pleas of Lancaster County August 11, 2009), Exhibit 6 to Plaintiffs' Motion for Judgment on the Pleadings.

On October 23, 2009, I granted Helicopter Association International leave to file a brief as <u>amicus curiae</u>, which brief was filed October 26, 2009.

On November 3, 2009, I ordered each party to file a supplemental brief addressing whether this court should abstain from exercising jurisdiction under the doctrine of <u>Younger v. Harris</u> and whether claim preclusion (<u>res judicata</u>) bars plaintiffs from raising their claims against defendants. Defendant and intervenor defendant filed their supplemental briefs on December 7, 2009. Plaintiffs filed their supplemental brief on December 12, 2009.

## **DISCUSSION**

### <u>Subject Matter Jurisdiction</u>

Defendant East Hempfield Township first contends that this court should dismiss this action for lack of subject matter jurisdiction. Defendant argues that "[t]he controversy is solely a local zoning matter. As such, this Court does not have jurisdiction over the controversy." Defendant's Brief at 2.

Plaintiffs contend that "this federal action presents a classic federal question over which this Court has original jurisdiction.... The issue before this Court in this declaratory judgment action is whether the Township is preempted by federal law...." (Plaintiffs' Memorandum of Law in Opposition to

Defendant Township's Motion for Judgment on the Pleadings

("Plaintiffs' Response") at 3-4.)

In this action, plaintiffs seek an order declaring that the Enforcement Notice is preempted by the Federal Aviation Act of 1958, 49 U.S.C. §§ 40101-50105.  (Complaint at paragraphs 43 and 49.)  "A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute...presents a federal question [over] which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n.14, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490, 500 (1983); accord Verizon Maryland Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 642, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002); National Parks Conservation Association v. Lower Providence Township, 608 F.Supp.2d 637, 642 (E.D.Pa. 2009) (Brody, J.).

I conclude that I have subject matter jurisdiction to entertain plaintiffs' action.[14]  I will therefore proceed to consider the other arguments raised by defendant's and intervenor's motions for judgment on the pleadings.

---

[14]     Although no party has challenged it, I note that venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiffs' claims allegedly occurred in East Hempfield Township, Lancaster County, Pennsylvania, which is located within this judicial district.

<u>Rooker-Feldman Doctrine</u>

Defendants next contend that the <u>Rooker</u>[15]-<u>Feldman</u>[16] doctrine divests this court of jurisdiction because plaintiffs seek to have this court overturn the zoning hearing board's decision. (Defendant's Brief at 4-5; Intervenor's Brief at 9-11.)

It is well-established that "<u>Rooker-Feldman</u> does not apply to a suit seeking review of state agency action." <u>Exxon Mobil Corporation v. Saudi Basic Industries Corporation</u>, 544 U.S. 280, 287, 125 S.Ct. 1517, 1523, 161 L.Ed.2d 454, 463 (2005) (citing <u>Verizon Maryland Inc.</u>, 535 U.S. at 644 n.3). "The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency." <u>Verizon Maryland Inc.</u>, 535 U.S. at 644 n.3; <u>see</u> <u>National Railroad Passenger Corporation v. Pennsylvania Public Utility Commission</u>, 342 F.3d 242, 257 (3d Cir. 2003).

Plaintiffs' appeal of the zoning hearing board's decision has been stayed by the Court of Common Pleas of Lancaster County.[17] Thus, there is no state <u>court</u> judgment here,

---

[15]     <u>Rooker v. Fidelity Trust Company</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

[16]     <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

[17]     <u>See</u> <u>In re Appeal</u>; Plaintiffs' Response at 7; Second Brief in Support of Defendant, East Hempfield Township's, Motion for Judgment on the Pleadings ("Defendant's Supplemental Brief") at 3.

only the decision of a state administrative agency, and the
Rooker-Feldman doctrine does not apply.

Younger Abstention

Defendants next contend that this court should abstain
from exercising its jurisdiction pursuant to the doctrine of
Younger v. Harris.[18]

Younger abstention is appropriate only where:
"(1) there are ongoing state proceedings that are judicial in
nature; (2) the state proceedings implicate important state
interests; and (3) the state proceedings afford an adequate
opportunity to raise the federal claims." Addiction Specialists,
Inc. v. Township of Hampton, 411 F.3d 399, 408 (3d Cir. 2005);
Gwynedd Properties, Inc. v. Lower Gwynedd Township,
970 F.2d 1195, 1200 (3d Cir. 1992).

"Even if this test is met, however, abstention is not
appropriate if the plaintiff establishes that 'extraordinary
circumstances exist...such that deference to the state proceeding
will present a significant and immediate potential for
irreparable harm to the federal interests asserted.'" Zahl v.
Harper, 282 F.3d 204, 209 (3d Cir. 2002) (quoting Schall v.
Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

The Court of Appeals exercises plenary review over the
legal determination of whether the requirements for abstention

---

[18]     Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669
(1971).

- 10 -

have been met, and then reviews the decision to abstain for abuse of discretion. Addiction Specialists, Inc., 411 F.3d at 408; Zahl, 282 F.3d at 208. Although I find that all three prongs of the Younger abstention test are satisfied here, I decline to abstain in light of the extraordinary circumstances presented by plaintiffs' Federal Aviation Act preemption claims.

**Ongoing State Proceedings That Are Judicial In Nature**

Plaintiffs suggest that because the state court action has been stayed, there are not ongoing proceedings that are judicial in nature. Plaintiffs argue that "there are no comity concerns in that the State Court has deferred for decision by this Court the federal preemption issues." Plaintiffs' Supplemental Brief at 3 n.2.

It is clear, however, that state proceedings are "ongoing" for Younger abstention purposes even when the state proceedings have been stayed, so long as the state proceedings were pending at the time the federal action was commenced. Addiction Specialists, Inc., 411 F.3d at 408-409; National Parks Conservation Association, 608 F.Supp.2d at 648.

It is "backwards to reject abstention because the state proceedings have been stayed to allow the federal case to proceed [because t]his is exactly the interference that Younger abstention is designed to prevent." Addiction Specialists, Inc., 411 F.3d at 409 (quoting San Remo Hotel v. City & County of San

_Francisco_, 145 F.3d 1095, 1104 (9th Cir. 1998)).  Thus, "it is
irrelevant, for the purposes of deciding if a state action is
pending, that the state action was stayed <u>in order for</u> the
federal action to proceed."  <u>National Parks Conservation
Association</u>, 608 F.Supp.2d at 648 (emphasis in original).

      Accordingly, I find that there is an ongoing state
proceeding for <u>Younger</u> abstention purposes.

**State Proceedings Implicate Important State Interests**

      The second prong of the <u>Younger</u> abstention test focuses
on the state interests implicated by the state proceedings, as
opposed to the federal action.  <u>Lazaridis v. Wehmer</u>,
591 F.3d 666, 671 (3d Cir. 2010); <u>Gwynedd Properties, Inc.</u>,
970 F.2d at 1200; <u>Grimm v. Borough of Norristown</u>,
226 F.Supp.2d 606, 631 n.13 (E.D.Pa. 2002) (Van Antwerpen, J.).

      The state proceedings here concern whether the
helicopter operations above plaintiffs' property violate the East
Hempfield Township Zoning Ordinance.  <u>See</u> ZHB Decision at 7.
Thus, the state proceedings revolve around zoning and land use
issues, areas of traditional significance to states.  <u>See</u>
<u>Addiction Specialists, Inc.</u>, 411 F.3d at 409 (citing <u>Heritage
Farms, Inc. v. Solebury Township</u>, 671 F.2d 743, 747 (3d Cir.
1982)); <u>Gwynedd Properties, Inc.</u>, 970 F.2d at 1202; <u>National
Parks Conservation Association</u>, 608 F.Supp.2d at 650.

However, the United States Court of Appeals for the Third Circuit has repeatedly cautioned that "[i]t is incumbent upon district courts, faced with a claim arising out of land use questions, to examine the facts carefully to determine what the essence of the claim is" and that "the mere presence of land use issues should not trigger a mechanical decision to abstain." Addiction Specialists, Inc., 411 F.3d at 409; Gwynedd Properties, Inc., 970 F.2d at 1203 (quoting Heritage Farms, Inc., 671 F.2d at 748).

In Gwynedd Properties, plaintiff claimed that defendants conspired to deprive plaintiff of its rights to due process and freedom from unreasonable searches. Gwynedd Properties, Inc., 970 F.2d at 1196, 1198. Plaintiff alleged that defendants "applied [land use] ordinances maliciously in order to deprive [plaintiff] of its federal constitutional and statutory rights." Id. at 1202. The district court abstained, but the Third Circuit found that the second Younger prong was not met because "a federal claim challenging the discriminatory actions of township officials in making land use decisions - as opposed to a claim challenging the validity of the state's land use policies and laws - did not implicate important state interests for Younger abstention purposes." Addiction Specialists, Inc., 411 F.3d at 409 (citing Gwynedd Properties, Inc., 970 F.2d at 1202-1203).

No such conspiracy or malicious deprivation of rights is alleged here. Plaintiffs merely seek "an order declaring that the Township's Enforcement Notice is preempted" by federal law. Complaint at paragraphs 43 and 49. Zoning and land use concerns form the essence of plaintiffs' claims. The state proceedings implicate an important state interest, zoning and land use policy, and the second prong is satisfied.

### Adequate Opportunity To Raise Federal Claims

The third Younger abstention prong asks whether there is an adequate opportunity to raise the federal claims in the state proceedings. "[T]he burden on this point rests on the federal plaintiff[s] to show that state procedural law barred presentation of [their] claims." Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 14, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1, 18 (1987); Anthony v. Council, 316 F.3d 412, 422 (3d Cir. 2003).

This court should not assume that the zoning hearing board and the Court of Common Pleas would prevent plaintiffs from raising their constitutional claims because such an assumption "would reflect negatively on the state's willingness to enforce federal constitutional principles. Avoiding just such an intimation...lies at the heart of the Younger doctrine." Coruzzi v. State of New Jersey, 705 F.2d 688, 691-692 (3d Cir. 1983); accord Kendall v. Russell, 572 F.3d 126, 144 (3d Cir. 2009) (Fisher, J., dissenting).

The third prong is satisfied here because both the zoning hearing board and the Court of Common Pleas can hear plaintiffs' constitutional claims.  Zoning hearing boards are empowered to entertain "[s]ubstantive challenges to the validity of any land use ordinance."  53 P.S. § 10909.1(a)(1); <u>see Addiction Specialists, Inc.</u>, 411 F.3d at 411; <u>National Parks Conservation Association</u>, 608 F.Supp.2d at 652.  Courts of common pleas "have [the] power to declare any ordinance...invalid" in land use appeals.  53 P.S. § 11006-A(a); <u>see Addiction Specialists, Inc.</u>, 411 F.3d at 411; <u>National Parks Conservation Association</u>, 608 F.Supp.2d at 652.[19]

Indeed, plaintiffs raised their preemption arguments before both the zoning hearing board and the Court of Common Pleas.  (<u>See</u> ZHB Decision at 5, 7, and 11; April 10, 2009 Notice of Appeal ("Notice of Appeal") at paragraph 12, <u>In re Appeal</u>, Exhibit A to defendant's Motion for Judgment on Pleadings; Plaintiff's Answer to Defendant Township's Motion for Judgment on Pleadings at paragraph 8; Plaintiffs' Answer to Intervener Defendant Richard J. Szarko's Motion for Judgment on Pleadings at

---

[19]     Even if the East Hempfield Township Zoning Hearing Board could not hear plaintiffs' constitutional claims, the third <u>Younger</u> prong would still be satisfied because the Court of Common Pleas can hear these claims.  The third prong "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." <u>Zahl</u>, 282 F.3d at 210 (quoting <u>O'Neill v. City of Philadelphia</u>, 32 F.3d 785, 792 (3d Cir. 1994)); <u>see Ford Motor Company v. Insurance Commissioner of Pennsylvania</u>, 874 F.2d 926, 932 (3d Cir. 1989) (citing <u>Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.</u>, 477 U.S. 619, 629, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512, 523 (1986)).

paragraph 3; Plaintiffs' Supplemental Brief at 17.)  Accordingly, the third <u>Younger</u> prong is satisfied here.

**Extraordinary Circumstances**

Although the three prerequisites for <u>Younger</u> abstention have been satisfied, as noted above, "abstention is not appropriate if the plaintiff establishes that 'extraordinary circumstances exist...such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.'" <u>Zahl</u>, 282 F.3d at 209 (quoting <u>Schall</u>, 885 F.2d at 106).  Abstention is "often inappropriate" in cases involving preemption challenges. <u>Zahl</u>, 282 F.3d at 210; <u>accord</u> <u>Hi Tech Trans, LLC v. State of New Jersey, Department of Environmental Protection</u>, 382 F.3d 295, 307 (3d Cir. 2004).

Where, as here, federal preemption is asserted, I must "balance the state interest served by abstention against the federal interest asserted to have usurped the state law." <u>Zahl</u>, 282 F.3d at 210; <u>National Parks Conservation Association</u>, 608 F.Supp.2d at 650; <u>accord</u> <u>Hi Tech Trans, LLC</u>, 382 F.3d at 307; <u>Ford Motor Company</u>, 874 F.2d at 934.

"The notion of comity, so central to the abstention doctrine, is not strained when a federal court cuts off state proceedings that encroach upon the federal domain." <u>Hi Tech</u>

Trans, LLC, 382 F.3d at 307; Zahl, 282 F.3d at 210 (citing Ford Motor Company, 874 F.2d at 934).

Where preemption is alleged, determining whether abstention is proper does not depend "upon whether the preemption claim will ultimately prevail." Hi Tech Trans, LLC, 382 F.3d at 307-308; Zahl, 282 F.3d at 210; Ford Motor Company, 874 F.2d at 935 n.12. "Accordingly...the decision that abstention is improper in light of a claim of preemption that has been asserted, need not result in the finding that the state statute has in fact been preempted." Hi Tech Trans, LLC, 382 F.3d at 308; Ford Motor Company, 874 F.2d at 935 n.12. "[A]bstention is predicated solely upon the significance of the federal interest invoked." Hi Tech Trans, LLC, 382 F.3d at 307; Zahl, 282 F.3d at 210.

Plaintiffs and amicus curiae, Helicopter Association International, advance the strong federal interest in aviation in support of preemption. This court has previously noted that the "strong" federal interest in aviation supports the argument for federal preemption. Country Aviation, Inc. v. Tinicum Township, 1992 U.S.Dist. LEXIS 19803, *11 (E.D.Pa. December 22, 1992) (Shapiro, J.), aff'd, 9 F.3d 1539 (3d Cir. 1993) (unpublished table decision).

Plaintiffs cite the United States Court of Appeals for the Third Circuit's opinion in Abdullah v. American Airlines,

Inc., which noted that "Congress found the creation of a single, uniform system of regulation vital to increasing air safety." Abdullah v. American Airlines, Inc., 181 F.3d 363, 368 (3d Cir. 1999). The Abdullah court determined that the Federal Aviation Act "and relevant federal regulations establish complete and thorough safety standards for interstate and international air transportation and that these standards are not subject to supplementation by, or variation among, jurisdictions." Id. at 365.

In its amicus brief, Helicopter Association International argues that "[t]he United States enjoys the safest air transportation system in the world, as a direct result of the fact that safety regulation of the system has for decades been vested exclusively in the Federal Aviation Administration," and that "the free, safe movement of commerce" depends upon federal regulation of aviation. (Brief of Amicus Curiae Helicopter Association International in Support of Plaintiff's Motion for Judgment on the Pleadings and in Opposition to Defendant's Motion for Judgment on the Pleadings at 3, 9-10.) It is clear that plaintiffs have invoked a very significant federal interest which weighs against Younger abstention.

The Third Circuit's opinion in <u>Izzo v. Borough of River</u>
<u>Edge</u>, 843 F.2d 765 (3d Cir. 1988), is instructive.[20]  In <u>Izzo</u>,
the local zoning board denied plaintiff, an amateur radio
operator, a zoning variance to extend the height of his radio
transmission tower.  <u>Id.</u> at 766.  Plaintiff sued in federal
court, alleging that the Federal Communications Commission (FCC)
preempted local regulation of the height of radio antennas.  <u>Id.</u>
The Third Circuit ruled that the district court should not have
abstained.  The court recognized the strong state interest in
land use policy, but explained that the FCC order "infuse[d] into
the proceedings a federal concern, a factor which distinguishes
the case from a routine land use dispute having no such
dimension."  <u>Id.</u> at 768.

The <u>Izzo</u> court further explained that

> the federal court's decision [would not] have a
> potentially far-reaching effect in the area of
> land use regulation.  In contrast, the federal
> intrusion is very limited and unlikely to nullify
> any substantial portion of the regulatory
> program....  In this case an express, narrow, and
> quite specific federal provision threatens, at
> most, only a minimal disruption of a broad state
> policy.

_____

    [20]    <u>Izzo</u> concerned abstention pursuant to the doctrine of <u>Burford v.</u>
<u>Sun Oil Company</u>, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and did not
consider <u>Younger</u> abstention.  However, the Third Circuit has incorporated
principles from its cases involving abstention pursuant to <u>Burford</u> and
<u>Railroad Commission of Texas v. Pullman Company</u>, 312 U.S. 496, 61 S.Ct. 643,
85 L.Ed. 971 (1941) into its <u>Younger</u> abstention decisions.  <u>See</u> <u>Addiction</u>
<u>Specialists, Inc.</u>, 411 F.3d at 410 n.8; <u>Hi Tech Trans, LLC</u>, 382 F.3d at 307;
<u>Gwynedd Properties, Inc.</u>, 970 F.2d at 1202; <u>Beard v. Borough of Duncansville</u>,
652 F.Supp.2d 611, 622 n.5 (W.D.Pa. 2009); <u>cf. Glen-Gery Corporation v. Lower</u>
<u>Heidelberg Township</u>, 608 F.Supp. 1002, 1007-1008 (E.D.Pa. 1985) (Huyett, J.).
Accordingly, I believe that it is appropriate to consider <u>Izzo</u> here.

Id. at 769; accord Gwynedd Properties, Inc., 970 F.2d at 1203 n.9.

The instant case bears striking similarities. As in Izzo, plaintiffs here are alleging that federal law preempts the zoning hearing board's decision. Like Izzo, this claim of federal preemption "infuses into the proceedings a federal concern, a factor which distinguishes the case from a routine land use dispute having no such dimension." Izzo, 843 F.2d at 768. Moreover, in both cases "the federal intrusion is very limited and...threatens, at most, only a minimal disruption of a broad state policy." 843 F.2d at 769.

Although the three prerequisites for Younger abstention have been satisfied here, abstention is nevertheless inappropriate. Plaintiffs' federal preemption claims constitute "extraordinary circumstances" which distinguish this case from the typical land use dispute.

After balancing the state interest served by abstention against the federal interest asserted, I conclude that there is a strong federal interest in aviation which has been advanced, and that the federal intrusion threatens only a minimal disruption of a broad state policy. Accordingly, and consistent with my obligation to exercise my jurisdiction, I decline to abstain.

<u>Claim Preclusion (Res Judicata)</u>

Finally, defendants contend that claim preclusion (<u>res judicata</u>) bars plaintiffs' action.[21]  Preclusion relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and encourages reliance on judicial action by preventing inconsistent decisions.  <u>E.g.</u>, <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308, (1980); <u>Magoni-Detwiler v. Pennsylvania</u>, 502 F.Supp.2d 468, 474 (E.D.Pa. 2007) (Robreno, J.).

The policy underlying the doctrine is that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise."  <u>Astoria Federal Savings and Loan Association v. Solimino</u>, 501 U.S. 104, 107, 111 S.Ct. 2166, 2169, 115 L.Ed.2d 96, 104 (1991); <u>Tice v. Bristol-Myers Squibb Company</u>, 325 Fed.Appx. 114, 118 (3d Cir.

---

[21]     Plaintiffs argue that defendant East Hempfield Township "never pled <u>res judicata</u> as an affirmative defense...and does not assert it as a basis for judgment on the pleadings in its favor." (Plaintiffs' Supplemental Brief at 14.)  Plaintiffs correctly note that intervenor pled <u>res judicata</u> as an affirmative defense and argued claim preclusion in his briefs.  (<u>See</u> Intervenor's Answer at paragraph 52; Intervenor's Brief at 11; Supplemental Brief of Defendant Richard J. Szarko, M.D. ("Intervenor's Supplemental Brief") at 5.)

However, as noted above, defendant incorporated Intervenor's Brief.  (Defendant's Response at 2.)  In any event, I note that this court may apply claim preclusion <u>sua</u> <u>sponte</u>.  <u>See</u> <u>State of Arizona v. State of California</u>, 530 U.S. 392, 412, 120 S.Ct. 2304, 2318, 147 L.Ed.2d 374, 394 (2000); <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 231, 115 S.Ct. 1447, 1459, 131 L.Ed.2d 328, 350 (1995); <u>United States v. 5 Unlabeled Boxes</u>, 572 F.3d 169, 175 (3d Cir. 2009).

2009); <u>Swineford v. Snyder County</u>, 15 F.3d 1258, 1266 (3d Cir. 1994).

The Supreme Court of the United States has "long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality." <u>Solimino</u>, 501 U.S. at 107, 111 S.Ct. at 2169, 115 L.Ed.2d at 104.

"[A]pplying preclusive effect to legal conclusions made by state agencies 'is favored as a matter of general policy, [though] its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures.'" <u>El-Hewie v. Bergen County</u>, 348 Fed.Appx. 790, 795 (3d Cir. 2009) (quoting <u>Solimino</u>, 501 U.S. at 109-110, 111 S.Ct. at 2170, 115 L.Ed.2d at 105); <u>Crossroads Cogeneration Corporation v. Orange & Rockland Utilities, Inc.</u>, 159 F.3d 129, 135 (3d Cir. 1998) (same).

"When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties had an adequate opportunity to litigate, the courts have not hesitated to apply <u>res judicata</u> to enforce repose." <u>Solimino</u>, 501 U.S. at 107, 111 S.Ct. at 2169, 115 L.Ed.2d at 104; <u>United States v. Utah Construction & Mining</u>

Company, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642, 661 (1966).

I first consider whether the zoning hearing board acted in a judicial capacity, resolved disputed issues properly before it, and provided the parties with an adequate opportunity to litigate. Finding these three Utah Construction & Mining Company factors satisfied here, I then look to Pennsylvania law to determine the extent to which the zoning hearing board's determinations should be given preclusive effect. For the reasons that follow, I conclude that claim preclusion applies and bars plaintiffs' action.

## Utah Construction & Mining Company Factors

The East Hempfield Township Zoning Hearing Board acted in a judicial capacity. Factors relevant to this determination include whether the administrative agency provides for (1) representation by counsel, (2) pre-trial discovery, (3) the opportunity to present memoranda of law, (4) examination and cross-examination at the hearing, (5) the opportunity to introduce exhibits, (6) the chance to object to evidence at the hearing, and (7) final findings of fact and conclusions of law. Reed v. AMAX Coal Company, 971 F.2d 1295, 1300 (7th Cir. 1992); Healthcare Resources Corporation v. District 1199C, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, 878 F.Supp. 732, 736 (E.D.Pa. 1995) (Joyner, J.); Durko v. OI-NEG

- 23 -

TV Products, Inc., 870 F.Supp. 1278, 1281 (M.D.Pa. 1994)
(Vanaskie, J.).

The parties here were represented by counsel before the
zoning hearing board, submitted memoranda of law and proposed
findings of fact and conclusions of law, examined witnesses, and
introduced exhibits.  (See ZHB Decision at 2-7.)  The zoning
hearing board issued a written decision containing final findings
of fact and conclusions of law.  (See id. at 1-7 and 10-14.)
Accordingly, I conclude that the zoning hearing board acted in a
judicial capacity.

Clearly the zoning hearing board resolved disputed
issues that were properly before it.

The parties also had an adequate opportunity to
litigate before the East Hempfield Township Zoning Hearing Board.
In the context of issue preclusion (collateral estoppel), the
United States Court of Appeals for the Third Circuit has found
that a full and fair opportunity to litigate exists where a party
is able to present evidence, cross-examine witnesses, and seek
judicial review of the administrative agency's determination.
M&M Stone Co. v. Hornberger, 2009 U.S.Dist. LEXIS 91577, *36
(E.D.Pa. September 30, 2009) (Gardner, J.).

In Howard v. Board of Education of East Orange,
90 Fed.Appx. 571, 575 (3d Cir. 2003), the Third Circuit explained
that "the opportunity to cross examine witnesses for bias, the

existence of judicial review, and the sheer robustness of the inquiry...all indicate that [plaintiff] had ample chance to defend himself."

Similarly, in <u>Hitchens v. County of Montgomery</u>, 98 Fed.Appx. 106, 115 (3d Cir. 2004), the Third Circuit found that plaintiff had a full and fair opportunity to litigate where

> [t]he union presented [plaintiff's] testimony as well as the testimony of other pro-union former employees [and] had the opportunity to present any documents or evidence it desired at the hearing.... [D]efendants presented prison supervisors who testified...[and] were available for cross-examination. After the [board] held for defendants, the union had the opportunity but declined to file an exception to the hearing examiner's decision.

The Third Circuit has explained that "in determining whether a litigant has been given a 'full and fair' opportunity to litigate a claim, we must take into account the possibility of appellate review" because a full and fair opportunity to litigate "includes the possibility of a chain of appellate review." <u>Crossroads Cogeneration Corporation</u>, 159 F.3d at 137.

The parties had an adequate opportunity to litigate before the zoning hearing board. The zoning hearing board held four days of public hearings and issued a fifteen-page decision. (<u>See</u> ZHB Decision.) As noted above, the parties introduced evidence and examined witnesses. Plaintiffs sought judicial review of the zoning hearing board's decision by appealing to the Court of Common Pleas. (<u>See</u> Notice of Appeal.)

Accordingly, I conclude that the proceedings before the zoning hearing board satisfy the three <u>Utah Construction & Mining Company</u> factors.

## Tice v. Bristol-Myers Squibb Company

Plaintiffs contend that "[d]ecisions of state administrative agencies that <u>have not been reviewed by state courts</u> are not entitled to preclusive effect." (Plaintiffs' Supplemental Brief at 15 (emphasis in original) (citing <u>Tice</u>, 325 Fed.Appx. at 120-121).) It appears that plaintiffs have misconstrued the Third Circuit's non-precedential decision in <u>Tice</u>. The cited language addresses whether unreviewed administrative agency decisions will be afforded preclusive effect <u>in Title VII</u> actions – but plaintiffs' instant suit does not assert a Title VII claim. See <u>Tice</u>, 325 Fed.Appx. at 121.

In <u>Tice</u>, the Third Circuit held that administrative estoppel barred Tice's claims. Moreover, the <u>Tice</u> court explicitly stated that "final agency decisions outside the Title VII context normally have preclusive effect in federal courts pursuant to the doctrines of collateral estoppel and res judicata." <u>Id.</u> at 118. Therefore, <u>Tice</u> lends no support to plaintiffs' argument.

## Edmundson v. Borough of Kennett Square

<u>Edmundson v. Borough of Kennett Square</u>, 4 F.3d 186 (3d Cir. 1993) is also readily distinguished. In <u>Edmundson</u>, a

section 1983 action, the Third Circuit held that the Borough

Civil Service Commission's unreviewed constitutional law

determination was not entitled to preclusive effect.  The Third

Circuit perceived

> a profound difference in the ability of a
> Commission composed of lay citizens to resolve
> matters of credibility and fact...and the ability
> to determine the more complex question of whether
> the statements are constitutionally protected....
> [C]onstitutional adjudication is not within [the
> commission's] competence so as to bar a federal
> court from re-examining that legal issue.  The
> Commission simply does not have the background or
> experience to finally decide issues that give
> pause even to federal courts despite their
> familiarity with that area of the law....  [W]e do
> not think that an administrative agency consisting
> of lay persons has the expertise to issue binding
> pronouncements in the area of federal
> constitutional law.

Edmundson, 4 F.3d at 192-193.

Edmundson may best be understood as being limited to

administrative agency rulings on First Amendment issues.  The

Edmundson court questioned whether the agency was equipped to

determine "whether the statements are constitutionally protected

in accordance with the considerations articulated in Connick v.

Myers, 461 U.S. 138, 142, 75 L.Ed.2d 708, 103 S.Ct. 1684 (1983),

and Pickering v. Board of Education, 391 U.S. 563,

20 L.Ed.2d 811, 88 S.Ct. 1731 (1968)."  It concluded that "the

district court should not have given issue preclusive effect to

the ruling of the Civil Service Commission that pertained to the

First Amendment."  Edmundson, 4 F.3d at 192-193 (emphasis added).

- 27 -

In articulating this concern, the Third Circuit cited
Plano v. Baker, in which the Second Circuit stated that "the
constitutional issues raised by this case, particularly in the
First Amendment area, lie within the expertise of courts, not the
expertise of administrators."  Plano v. Baker, 504 F.2d 595, 599
(2d Cir. 1974) (emphasis added).  Moreover, Swineford v. Snyder
County, supra, in which the Third Circuit followed Edmundson and
declined to apply issue preclusion, was a First Amendment
retaliation suit.  Swineford, 15 F.3d 1258.

Even if Edmundson applies more broadly to
administrative agency rulings on other constitutional issues, its
impact is still limited to barring preclusion in subsequent
section 1983 actions.  Tellingly, Edmundson and the cases it
relied on — Plano; Peery v. Brakke, 826 F.2d 740 (8th Cir. 1987);
and Gjellum v. City of Birmingham, 829 F.2d 1056 (11th Cir.
1987) — are all section 1983 suits.  So is Swineford, supra,
which followed Edmundson.

Section 1983 was designed so that the "federal courts
could step in where the state courts were unable or unwilling to
protect federal rights."  Therefore, greater exceptions to
preclusion are warranted in section 1983 cases than in other
causes of action.  Haring v. Prosise, 462 U.S. 306, 313-314,
103 S.Ct. 2368, 2373, 76 L.Ed.2d 595, 604 (1983); Edmundson,

4 F.3d at 193.  Limiting <u>Edmundson</u>'s application to section 1983

actions is consistent with this established principle.

Further, the <u>Edmundson</u> court's concern about "lay

citizens" deciding constitutional questions is not dispositive.

In <u>Williams v. Red Bank Board of Education</u>, the Third Circuit

discussed <u>Plano</u>, a case upon which the <u>Edmundson</u> court relied,

and explained that it did "not read...<u>Plano v. Baker</u> as holding

that the simple fact that nonlawyers may be called to pass upon

constitutional issues renders a tribunal inadequate."  <u>Williams</u>

<u>v. Red Bank Board of Education</u>, 662 F.2d 1008, 1021 (3d Cir.

1981).  Thus, while the fact that laymen rather than lawyers are

ruling on constitutional issues may be relevant, it is not

dispositive.[22]

Finally, this case lies beyond <u>Edmundson</u> because while

the East Hempfield Township Zoning Hearing Board is ruling on the

constitutional question of federal preemption, doing so is within

its core competence.  As I noted in my discussion of <u>Younger</u>

abstention above, zoning hearing boards are empowered to

entertain "[s]ubstantive challenges to the validity of any land

use ordinance."  53 P.S. § 10909.1(a)(1); <u>see</u> <u>Addiction</u>

---

[22]    Indeed, according preclusive effect only to those constitutional
determinations made by lawyers would yield a curious result.  Such a rule
would "require[] more of administrative decisionmakers than Article III of the
Constitution requires of [federal judges].  Article III does not require that
[judges] be lawyers to serve on the federal bench, yet [judges] are fully
capable of rendering binding decisions on constitutional matters."  <u>Miller v.</u>
<u>County of Santa Cruz</u>, 39 F.3d 1030, 1037 (9th Cir. 1994).

Specialists, Inc., 411 F.3d at 411; National Parks Conservation
Association, 608 F.Supp.2d at 652. Plaintiffs' preemption
argument is such a challenge, and it is one that zoning hearing
boards are well-equipped to handle.

Accordingly, I find that Edmundson does not prevent
claim preclusion from barring plaintiffs' action.

## Claim Preclusion Under Pennsylvania Law

Having determined above that claim preclusion may apply
to the zoning hearing board's decision, I must now look to
Pennsylvania law because "the factual findings and legal
conclusions of the [agency] should be given preclusive effect to
the extent afforded under [Pennsylvania] law....  Thus, we will
give preclusive effect to the [agency] decision to the same
extent as would the [Pennsylvania] courts." Crossroads
Cogeneration Corporation, 159 F.3d at 135; see El-Hewie,
348 Fed.Appx. at 795; Caver v. City of Trenton, 420 F.3d 243, 259
(3d Cir. 2005).

## Final Judgment on the Merits

For preclusion to apply, Pennsylvania requires that the
prior determination be a final judgment on the merits.
Commonwealth of Pennsylvania, Department of Environmental
Protection v. Fiore, 682 A.2d 860, 862 (Pa.Commw. 1996);
Kaller's, Inc. v. John J. Spencer Roofing, Inc.,
388 Pa.Super. 361, 368, 565 A.2d 794 (1989); McCarter v. Mitcham,

883 F.2d 196, 199 (3d Cir. 1989). A judgment is final "unless or until it is reversed on appeal." Shaffer v. Smith, 543 Pa. 526, 530, 673 A.2d 872 (1996); accord Prusky v. ReliaStar Life Insurance Company, 502 F.Supp.2d 422, 428 n.11 (E.D.Pa. 2007) (Dalzell, J.). The pendency of an appeal does not defeat finality for purposes of preclusion. Schuldiner v. Kmart Corporation, 450 F.Supp.2d 605, 609 (E.D.Pa. 2006) (Brody, J.); see In re Application of the Pennsylvania Turnpike Commission, 715 A.2d 1219, 1223 n.9 (Pa.Commw. 1998); O'Leary v. Liberty Mutual Insurance Co., 923 F.2d 1062, 1066 n.6 (3d Cir. 1991).

Pennsylvania gives claim preclusive effect to the decisions of administrative agencies "when the reasons for the uses of the rule in court proceedings are present in full force." Kentucky West Virginia Gas Company v. Pennsylvania Public Utility Commission, 721 F.Supp. 710, 714-716 (M.D.Pa. 1989) (quoting Atlantic Richfield Company v. City of Bethlehem, 69 Pa.Commw. 6, 12, 450 A.2d 248 (1982)); National Railroad Passenger Corporation v. Commonwealth of Pennsylvania Public Utility Commission, 665 F.Supp. 402, 407 (E.D.Pa. 1987) (Newcomer, J.) (quoting City of McKeesport v. Pennsylvania Public Utility Commission, 65 Pa.Commw. 179, 182, 442 A.2d 30 (1982)).

Claim preclusion applies to the decisions of Pennsylvania zoning hearing boards. See Bell Atlantic Mobile, Inc. v. Zoning Hearing Board of Butler Township,

138 F.Supp.2d 668, 673-674 (W.D.Pa. 2001); <u>Price v. Bensalem</u>
<u>Township Zoning Hearing Board</u>, 131 Pa.Commw. 200, 204-205,
569 A.2d 1030 (1990).  Thus, the East Hempfield Township Zoning
Hearing Board's decision is a final judgment on the merits which
may be entitled to claim preclusive effect.

### Four Identities

Under Pennsylvania law, claim preclusion applies when
the previous and instant actions share identity of four
conditions: (1) the thing sued upon or for (that is, the issues);
(2) the cause of action; (3) the persons and parties to the
action; and (4) the quality or capacity of the parties suing or
being sued.  <u>In re Iulo</u>, 564 Pa. 205, 210, 766 A.2d 335 (2001);
<u>Turner v. Crawford Square Apartments III, L.P.</u>, 449 F.3d 542, 548
(3d Cir. 2006).  These conditions are satisfied here.
Accordingly, I dismiss this action because plaintiffs' claims are
barred by claim preclusion.

First, there is identity of the thing sued upon or for.
Where the same act or occurrence underlies both actions, the
first requirement is satisfied.  <u>See</u> <u>Gregory v. Chehi</u>,
843 F.2d 111, 116-117 (3d Cir. 1988).  The zoning Enforcement
Notice issued to the plaintiffs underlies both the state and
federal actions.  Thus, the first prerequisite for claim
preclusion is met.

Second, the cause of action is the same.  Criteria relevant to this determination include whether the (1) acts complained of; (2) theory of recovery; (3) witnesses and documents; and (4) material facts alleged are the same in both actions.  See Turner, 449 F.3d at 549; O'Leary, 923 F.2d at 1065.

Whether causes of action are the same will "turn on the essential similarity of the underlying events giving rise to the various legal claims" rather than "the specific legal theory invoked."  Turner, 449 F.3d at 549; Gregory, 843 F.2d at 117.  Cause of action "is defined broadly in transactional terms," Gregory, 843 F.2d at 117, and the "mere advancement of a different legal theory does not necessarily give rise to a different cause of action."  Turner, 449 F.3d at 549.

Both the state and federal actions here are based on "the same cause of action, inasmuch as they are based on the same allegedly wrongful acts."  Turner, 449 F.3d at 550.  The acts complained of, necessary witnesses and documents, and material facts alleged are the same in both actions.  Accordingly, the second requirement is also satisfied.

Third, there is identity of the parties as all of the parties to this action are parties to the state action.  (See ZHB Decision at 1-2.)  In any event, "[c]laim preclusion does not require that all parties to both actions are identical.  Instead, the doctrine only requires that the parties against which

preclusion is sought are the same." <u>M&M Stone Co.</u>,
2009 U.S.Dist. LEXIS 91577 at *26; <u>Sheridan v. NGK Metals
Corporation</u>, 2008 U.S.Dist. LEXIS 40926, *38-39 (E.D.Pa. May 21,
2008) (Pratter, J.).

Finally, the parties remain in the same legal
capacities that they had in the state action.  Accordingly, the
fourth requirement is satisfied.

Thus, all four conditions for claim preclusion are
satisfied.  I conclude that claim preclusion applies and bars
plaintiffs' action, which asserts claims that plaintiffs raised
before the zoning hearing board.[23]  (<u>See</u> ZHB Decision at 5, 7,
11; Plaintiff's Answer to Defendant Township's Motion for
Judgment on Pleadings at paragraph 8; Plaintiffs' Answer to
Intervener Defendant Richard J. Szarko's Motion for Judgment on
Pleadings at paragraph 3; Plaintiffs' Supplemental Brief at 17.)

## CONCLUSION

For all the foregoing reasons, I grant defendant's and
intervenor's motions for judgment on the pleadings, dismiss
plaintiffs' motions for judgment on the pleadings as moot,

---

[23]   Even if plaintiffs had not raised their claims before the zoning
hearing board, their action would still be barred because claim preclusion
"applies not only to claims actually litigated, but also to claims which could
have been litigated during the first proceeding if they were part of the same
cause of action." <u>Balent v. City of Wilkes-Barre</u>, 542 Pa. 555, 563,
669 A.2d 309, 313 (1995); <u>Turner</u>, 449 F.3d at 548; <u>accord</u> <u>Gregory</u>, 843 F.2d
at 116.  Put another way, claim preclusion imposes a rule of "use it or lose
it": it bars claims which could have been, but were not, raised in the prior
proceeding. <u>M&M Stone Co.</u>, 2009 U.S.Dist. LEXIS 91577 at *27.  Thus, to the
extent that plaintiffs did not bring their claims before the zoning hearing
board, their claims are nonetheless barred by claim preclusion.

dismiss plaintiffs' Complaint in its entirety, and enter judgment in favor of defendant and intervenor and against plaintiffs on all claims.